46 F.3d 1127
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Deandrew CORNELIUS, Defendant-Appellant.
 No. 93-5786.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 18, 1994.
Decided Jan. 31, 1995.
 
 COUNSEL Cory Hohnbaum, KENNEDY, COVINGTON, LOBDELL & HICKMAN, Charlotte, North Carolina, for Appellant. Mark T. Calloway, United States Attorney, Robert J. Conrad, Jr., Assistant United States Attorney, Charlotte, NC, for Appellee.
 Before MURNAGHAN, WILKINSON, and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 James Cornelius appeals from his convictions, entered pursuant to his guilty plea, for violating 21 U.S.C. Sec. 841(a)(1) (1988) and 18 U.S.C. Sec. 2 (1988). Cornelius's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising arguments relating to Cornelius's guilty plea and sentencing, but stating that, in his view, there are no meritorious arguments on appeal. Cornelius was notified of his right to file a supplemental brief, but has not filed a brief.
 
 
 2
 The record discloses that Cornelius waived the right to challenge his conviction or sentence in his plea agreement. The transcript of Cornelius's Rule 11 hearing further discloses that Cornelius's waiver was made knowingly, voluntarily, and intelligently. Although Cornelius maintains that such a waiver violates his constitutional rights, we have upheld the validity of such waivers. See United States v. Marin, 961 F.2d 493, 496 (4th Cir.1992); United States v. Wiggins, 905 F.2d 51, 54 (4th Cir.1990). In view of Cornelius's valid waiver, we decline to address his arguments relating to the propriety of the district court's decision to enhance his sentence for possession of a weapon.
 
 
 3
 Cornelius also generally contends that he received ineffective assistance of counsel. Unless, however, counsel's ineffectiveness is apparent from the record, we have held that such claims should first be raised in a collateral proceeding under 28 U.S.C. Sec. 2255 (1988), rather than on direct appeal. See United States v. Williams, 977 F.2d 866, 871 (4th Cir.1992); United States v. Tatum, 943 F.2d 370, 379 (4th Cir.1991). Since counsel's ineffectiveness is not apparent from the record in this case, we decline to review Cornelius's contention.
 
 
 4
 We have examined the entire record in this case in accordance with the requirements of Anders, and find no meritorious issues for appeal.
 
 
 5
 The Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.
 
 
 6
 The district court's judgment is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 7
 AFFIRMED.